IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLIN PARKER<br>208 Barnard Street<br>Dunmore, PA 18512<br>　　　　Plaintiff<br><br>　　v.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY<br>200 Park Avenue<br>New York, NY 10166<br>　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:　NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, Colin Parker, by and through his Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, Metropolitan Life Insurance Company (hereinafter referred to as " Met Life"), as follows:

**I.　STATEMENT OF JURISDICTION:**

1.　Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II. VENUE:

2. Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). The Plaintiff resides within the jurisdictional boundaries of this Court. She filed her appeal of denial of Long Term Disability Benefits within the judicial district of this Court and received her final administrative denial at her address located with in the judicial district of this Court. The breach took place within the jurisdictional boundaries of this Honorable Court;

## III. FACTS:

3. The Plaintiff, Colin Parker, is an adult and competent individual with a physical address of 208 Barnard Street, Dunmore, PA 18512.

4. The Defendant, Met Life, under information and belief, is a business entity with a corporate address located at 200 Park Avenue, New York, NY 10166.

5. Met Life is a business entity, which issues disability insurance policies governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Met Life, issued a policy providing disability

insurance benefits under policy number 29775044 to the Plaintiff through the Plaintiff's employer, Bank of America.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Metlife to the Plaintiff's employer under the aforementioned policy.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with Met Life.

12. Met Life notified the Plaintiff that his claim was denied as they concluded the Plaintiff could perform his regular occupation.

13. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of his treating doctors in support of his claim.

14. By correspondence dated January 5, 2022, Met Life denied the Plaintiff's administrative appeal and informed her of her right to bring a civil action disputing the adverse benefit decision.

15. Met Life abused its discretion and acted in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

16. The actions of Met Life in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and made in violation of 29 U.S.C. §1001, et seq.

17. The actions of Met Life in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

18. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that he meets the definition of disability under the policy of insurance.

19. The Plaintiff is entitled to recover the benefits due to him under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

20. As a direct and proximate result of the actions of Met Life as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

21. As a direct and proximate result of the actions of Met Life, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from June 5, 2020 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Colin Parker, respectfully requests that judgment be entered against Met Life as follows:

1. Ordering Met Life to pay to the Plaintiff, Colin Parker, long term disability insurance benefits from June 5, 2020 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Colin Parker, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA ID No. 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500

Case 3:22-cv-01410-JFS   Document 1   Filed 09/12/22   Page 6 of 6